IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-80,396-01 AND WR-80,396-02






EX PARTE ADAM LEWIS TRINIDAD, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 11,317 AND 11,318 IN THE 46TH DISTRICT COURT


FROM WILBARGER COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges
of sexual assault of a child and sentenced to ten years' imprisonment for each charge. The trial court
ordered the sentences to run consecutively. 

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to timely file a notice of appeal. The trial court finds that Applicant's trial attorney was appointed
to represent Applicant on appeal, but failed to timely file notice of appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall order counsel to respond to
Applicant's claim of ineffective assistance of counsel. Specifically, counsel shall state whether
Applicant advised him that he wanted to appeal these convictions, and if not, why counsel was
appointed to represent him on appeal. If Applicant did advise counsel that he wanted to appeal,
counsel shall state why he failed to timely file notice of appeal. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of any documents or
portions of the trial record showing that Applicant expressed a desire to appeal these convictions. 
The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied
his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: November 6, 2013

Do not publish